**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3828-22

DEBBIE G. WILLIAMS-SIRAJ,

    Plaintiff-Appellant,

v.

LYNNE S. SCHWARTZ and
STEPHEN Z. SCHWARTZ,

    Defendants-Respondents.

_____

          Argued February 3, 2025 – Decided March 19, 2025

          Before Judges Gummer and Jablonski.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5286-19.

          Amy Sara Cores argued the cause for appellant (Madjam Music & Entertainment Law, LLC, attorneys; Debbie G. Williams-Siraj, on the pro se briefs).

          Kacey DiNorscio argued the cause for respondents (Tango, Dickinson, Lorenzo, McDermott & McGee, LLP, attorneys; Michael W. Cartelli, on the brief).

PER CURIAM

In this personal-injury action, plaintiff appeals from a June 19, 2023 Law Division order granting summary judgment to defendants and an August 4, 2023 order denying plaintiff's motion for reconsideration. We affirm both orders because plaintiff has failed to prove that defendants proximately caused the injuries for which she seeks recovery.

On September 28, 2017, plaintiff and defendant were involved in a traffic incident. Plaintiff alleged that defendant operated her car recklessly and negligently when defendant changed lanes into the path of plaintiff's vehicle, purportedly causing plaintiff to swerve onto the curb. Although the cars never collided, plaintiff claimed the incident caused significant injuries to her lower back including spinal disc herniations and fractures. Plaintiff did not seek immediate emergency treatment.

Two days before this incident, plaintiff's pain management doctor advised her that she was a likely candidate for spinal surgery because of her chronic and progressive lumbar disc disorder with radiculopathy. She also suffered from degenerative joint disease, cervical disc disorder, cervical radiculopathy, cervical and lumbar stenosis, and failed back syndrome of the cervical spine.

A-3828-22

Approximately one month later, on October 23, 2017, plaintiff sought treatment as a hospital emergency room. The medical records indicate her knee gave out causing her to fall, yet plaintiff testified her knee was not the cause of the fall. The medical records generated from that visit revealed that plaintiff reported a history of a herniated disc and lower back pain. Plaintiff was not admitted to the hospital. On October 27, she returned to the hospital and was admitted because her back condition had worsened. Two days later, she underwent lumbar-fusion surgery on October 29, 2017.

Plaintiff sued defendants in July 2019 and alleged that the accident aggravated plaintiff's existing condition in her back. Plaintiff's automobile insurance policy limited the coverage for which she could recover because she had elected the "verbal threshold" limitation.

In her interrogatory answers, plaintiff detailed the alleged permanency of her injuries. She certified that she had "not determined and/or designated expert witnesses who will be called to testify at the time of trial. In discovery, plaintiff will designate expert witnesses and produce expert reports and curricula vitae." When discovery closed on July 14, 2022, plaintiff still had not retained any expert witnesses nor had she served any expert reports. Consequently, defendants moved for summary judgment.

A-3828-22

In that application, defendants asserted plaintiff's complaint should be dismissed because plaintiff alleged an aggravation of a pre-existing injury and plaintiff had not provided expert testimony to compare plaintiff's condition before the accident to the injuries sustained as part of it and, thus, had not established the accident caused an aggravation of a pre-existing injury. In opposition, plaintiff submitted two expert reports, one on April 21, 2023, and another on April 26, 2023. The record does not reflect that plaintiff moved to reopen discovery to permit the proper consideration of these reports. However, it appears the trial court considered the substance of each report in deciding this matter.

Plaintiff's first expert concluded plaintiff had "significant pathology" in her lower back and suffered a "new neurologic injury with motor and sensory deficit[s]" that were "causally related to her motor vehicle accident." Plaintiff's second expert observed before the accident she "had chronic back pain that was controlled with medications, [and] after the car accident she had significant injuries that made her disabled [and required her to walk] with a walker . . . ." This expert opined these injuries "are permanent and caused significant change in her life."

A-3828-22

The trial court granted summary judgment to defendants in a May 25, 2023 order and oral opinion, concluding:

> plaintiff was obligated under the law to provide a Polk[1] analysis of the medical records, [and] plaintiff's own deposition testimony revealed she previously injured her lower back, the area at issue here. Therefore, to meet the tort threshold[,] Polk necessitates that a comparative analysis showing aggravation of the pre-existing injury be provided by an expert. The plaintiff has failed to do this. Summary judgment on behalf of the defendant is granted.

The trial court subsequently denied plaintiff's motion for reconsideration.

On appeal, plaintiff argues the trial court erred when it granted summary judgment because the judge did not engage in its "own independent fact finding" nor did it reference the two expert reports that were submitted in opposition to defendants' summary-judgment application. We are not persuaded by these arguments.

We review the grant of a summary judgment motion de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). A court must grant summary judgment when the record "show[s] that there is no genuine issue as to any material fact

---

[1] Polk v. Daconceicao, 268 N.J. Super. 568 (App. Div. 1993).

challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). No genuine issue of material fact exists where the record "is so one-sided that one party must prevail as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). In reviewing a summary-judgment motion, "an appellate court is bound by the summary judgment factual record developed before the trial court . . . ." Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 378 n.3 (2010) (citing Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007)). Accordingly, a court must consider "whether the competent evidential materials presented [in the summary judgment record], when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540. The trial court's legal analysis, however, is "not entitled to any special deference." Rowe v. Bell & Gosset Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Because plaintiff elected the verbal-threshold option in her insurance coverage, the pertinent portion of the statute specifies she may recover pain

A-3828-22

and suffering damages only if she suffers "a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." N.J.S.A. 39:6A-8(a). An injury is permanent "when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." Ibid. Plaintiff must also establish permanency with "objective clinical evidence." N.J.S.A. 39:6A-8(a); see Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 234 (App. Div. 2020). Objective clinical evidence must be "derived from accepted diagnostic tests and cannot be 'dependent entirely upon subjective patient response.'" Agha v. Feiner, 198 N.J. 50, 60 (2009) (quoting Davidson v. Slater, 189 N.J. 166, 181 (2007)). The objective medical evidence cannot "amount to little more than a paraphrasing, in the most conclusory language, of the statutory requirements." Oswin v. Shaw, 129 N.J. 290, 320 (1992), superseded by statute, Automobile Insurance Cost Reduction Act, L. 1998, c. 21, § 1, as stated in Davidson, 189 N.J. at 181.

Thus, on a motion for summary judgment that is based on a plaintiff's failure to vault the verbal threshold, the trial court must determine whether there is "a material dispute of fact regarding the nature and extent of the

plaintiff's injuries." Davidson, 189 N.J. at 179 (quoting Oswin, 129 N.J. at 307). Specifically,

> [i]f on a summary-judgment motion the court decides, from whatever medical reports and other evidence submitted in support of and in opposition to the motion, that the injuries do not, as a matter of law, carry the plaintiff's case across the verbal threshold, then the defendant will prevail on the motion. If however, the plaintiff's medical proofs survive that initial test and the court discovers, from all the information presented on the motion, a legitimate factual dispute over the nature and extent of the injuries, then resolution of that dispute is of course for the jury.
>
> [Ibid.]

Additionally, plaintiff claimed that the accident aggravated a pre-existing injury or condition. Therefore, plaintiff was required to support her claim with a so-called Polk analysis in which a medical expert evaluates a plaintiff's pre-existing condition and determines if the accident at issue worsened it:

> A diagnosis of aggravation of a pre-existing injury or condition must be based upon a comparative analysis of the plaintiff's residuals prior to the accident with the injuries suffered in the automobile accident at issue. This must encompass an evaluation of the medical records of the patient prior to the trauma with the objective medical evidence existent post trauma. Without a comparative analysis, the conclusion that the pre-accident condition has been aggravated must

8

be deemed insufficient to overcome the threshold of N.J.S.A. 39:6A-8(a).

[Polk, 268 N.J. Super. at 575.]

Ultimately, these principles will determine if defendant's negligence caused plaintiff's injuries. Fernandes v. DAR Dev. Corp., 222 N.J. 390, 404 (2015) ("[P]laintiff bears the burden of proving the defendant's negligence and that such negligence was the proximate cause of the plaintiff's injury."). A defendant should generally be responsible for the "value of the interest he [or she] destroyed." Scafidi v. Seiler, 119 N.J. 93, 112 (1990) (quoting Joseph H. King, Jr., Causation, Valuation, and Chance in Personal Injury Torts Involving Preexisting Conditions and Future Consequences, 90 Yale L.J. 1353 (1981)).

The burden to allocate damages is placed on "the party in the best position to present evidence." Reichert v. Vegholm, 366 N.J. 209, 214 (App. Div. 2004) (quoting O'Brien (Newark) Cogeneration, Inc. v. Automatic Sprinkler Corp. of Am., 361 N.J. Super. 264, 274 (App. Div. 2003)). "In the normal prior or post-personal injury aggravation claim," that party is the plaintiff. Ibid. Accordingly, when "aggravation of a pre-existing injury is plead . . . comparative medical evidence is necessary as part of a plaintiff's prima facie and concomitant verbal threshold demonstration in order to isolate

the physician's diagnosis of the injury or injuries that are allegedly 'permanent' as a result of the subject accident." Davidson, 189 N.J. at 185.

Appling these principles here, we conclude the trial court correctly determined that plaintiff was required to provide a Polk analysis to defeat summary judgment. Plaintiff claims a pre-existing condition was aggravated by the injuries she purportedly sustained in the accident. Plaintiff had a substantial prior history of issues concerning injuries to her back. Plaintiff's condition was so significant that two days before the accident her pain management doctor recommended she have surgery to address it. According to MRI reports, areas of plaintiff's lower back were compromised as early as 2013. Additionally, in this case, the injuries allegedly suffered in the accident did not require plaintiff to seek any initial emergency treatment. The only time after the accident she sought treatment was following a fall-down incident that occurred one month later. Although she did not receive treatment at that time, she returned to the hospital four days later complaining of "worsening back pain."

Before the close of discovery, plaintiff failed to produce any expert reports. Thus, she failed to produce the required medical support for her

A-3828-22

aggravation claim. The court's inquiry could have, and arguably should have, ended there.

But even if we consider, as the trial court apparently did, the expert reports that were submitted outside of discovery and in opposition to the summary-judgment application, plaintiff failed to meet the required Polk standard. Specifically, one of her experts failed to compare the pre-existing condition with the injuries she claims she sustained in the subsequent traffic and fall down incidents, while the other made a vaguely conclusory statement about the ultimate impact of the purported injuries.

As such, plaintiff is unable to establish that defendant proximately caused the permanent injuries for which plaintiff seeks recovery. The trial court's decision to grant summary judgment was, therefore, proper.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3828-22